USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-18-09

MARRERO/5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUG 11 2009

---

TURN ON PRODUCTS, INC.,

    Plaintiff,

v.

MEGA WEAR, INC., PRETTY GIRL, INC.
and JOHN DOES 1-10,

    Defendants.

Civil Action No. 09-CV-5750 (VM)(RLE)

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Turn On Products, Inc. and defendants Mega Wear, Inc. and Pretty Girl, Inc., through their undersigned counsel, as follows:

1. Any party may designate any information produced in the Action as "Confidential" where the party in good faith believes that such information is confidential or contains trade secrets or sensitive commercial, financial, proprietary or business information, or is prohibited or restricted by any pre-existing contractual restriction that a party has with any third party.

2. Any party may designate any information produced in the Action as "Highly Confidential-Attorney's Eyes Only," where the party believes that such information is confidential or contains trade secrets or sensitive commercial, financial, proprietary or business information, the public disclosure of which, in the good faith judgment of the party, may adversely affect the commercial, business, or financial position of that party, or is prohibited or restricted by any pre-existing contractual restriction that a party has with any third party.

1641740 v1

3. Any party may designate its material as "Confidential" or "Highly Confidential-Attorney's Eyes Only." Any information so designated ("Confidential Material") shall thereafter be subject to the provisions of this Stipulated Protective Order.

4. Material may be designated as "Confidential" or "Highly Confidential-Attorneys Eyes Only" by placing or affixing on such material a notice containing the appropriate designation. Without limiting the foregoing, the following procedures may be employed to designate specific types of Confidential Material:

    a. <u>Documents</u>. Documents may be designated as Confidential or Highly Confidential-Attorney's Eyes Only by marking each page of the document with the appropriate designation. In lieu of marking the originals of documents, the producing party may mark the copies that are produced or exchanged.

    b. <u>Depositions</u>. Information disclosed at depositions during the course of this Action may be designated by the deponent or any party as Confidential or Highly Confidential-Attorney's Eyes Only by indicating on the record at the deposition that the testimony is so designated and subject to the provisions of this Stipulated Protective Order. In addition, at any time within thirty (30) days after receipt of the transcript by counsel for the deponent, the deponent, or any party, may designate information disclosed at such deposition as Confidential or Highly Confidential-Attorney's Eyes Only by notifying all parties, in writing, of the portion(s) of the deposition transcript and/or exhibits thereto so designated. Prior to the thirtieth day after receipt of the transcript, all deposition testimony shall be treated as "Highly Confidential-Attorneys Eyes Only". In the event that any portion of any deposition transcript or exhibit is so designated, the first page and designated portion(s) of any such transcript or exhibits shall be appropriately marked by each party.

    c.    <u>Discovery Responses</u>. All or any part of responses to interrogatories, document requests, requests to admit or other discovery requests may be designated as Confidential Material by the responding party by appropriately marking the face of the document with the appropriate legend.

    5.    Subject to the provisions of Paragraphs 6-10 below, Confidential Material shall be disclosed only to:

    a.    the Court and its personnel;

    b.    court reporter(s), copy services, etc. employed in this Action;

    c.    outside counsel of record in this case (together with their legal assistants and clerical staff);

    d.    the parties and their directors, officers, in-house counsel, employees reasonably required to view the Confidential Material to assist in the prosecution or defense of the Action, insurers who agree to abide by this Stipulated Protective Order, and auditors who agree to abide by this Stipulated Protective Order;

    e.    any person whose testimony may or will be given at a deposition or at trial in the Action;

    f.    testifying experts (together with their clerical staff); and

    g.    non-testifying experts, consultants or investigators (together with their clerical staff).

Nothing herein shall limit the designating party with respect to reviewing and using its own Confidential Material.

    6.    Confidential Material designated as "Highly Confidential-Attorney's Eyes Only" shall be disclosed only to persons within sub-paragraphs 5(a)-(c), (f) and (g). This Stipulated

1641740 v1

3

Protective Order shall not bar any attorney herein in the course of rendering advice to his client with respect to this litigation or from conveying to any party client his evaluation in a general way of "Highly Confidential-Attorney's Eyes Only" information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his client, the attorney shall not disclose the specific contents of any "Highly Confidential-Attorney's Eyes Only" information produced by another party herein, which disclosure would be contrary to the terms of this Stipulated Protective Order.

7.   Prior to being permitted access to Confidential Material subject to this Stipulated Protective Order, any individual or business entity described in Paragraphs 5(d)–(g) above shall sign an Acknowledgement in the form annexed hereto as Exhibit A stating that he/she has read and understands the terms of this Stipulated Protective Order and shall abide by them. A copy of each such Acknowledgement shall be provided to opposing counsel at least three (3) business days prior to disclosing any Confidential or Highly Confidential Material. If no objection is made within three (3) business days of receipt of an Acknowledgement, the disclosure contemplated therein may be made. If the party receiving an Acknowledgement objects to the disclosure of Confidential Material to a person identified in an Acknowledgement, the objecting party shall file a motion within three (3) business days of receiving the Acknowledgement, and the objecting party shall bear the burden of demonstrating that disclosure should not be made to the identified person. If the objecting party does not file such a motion, the disclosure may be made. However, if the objecting party does file such a motion, disclosure shall not be made until the motion is resolved.

8.   Persons receiving Confidential Material shall use such material only for the purposes of the prosecution or defense of the Action, and for any appeal thereof, and for no other

purpose; no person receiving any Confidential Material shall disclose such material to any person other than those described above.

9. All Confidential Material filed with the Court, including all depositions or any part of the depositions which contain material designated as Confidential Material and all papers (including affidavits and memoranda of law) relying on or purporting to reproduce or paraphrase Confidential Material, shall be filed under seal. To the extent such Confidential Material is filed electronically with the Court, the party filing the Confidential Material shall take all steps required by the Southern District of New York's CM/ECF system to ensure that the Confidential Material is filed under seal. To the extent a paper version of Confidential Material is filed with the Court, the Confidential Material shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an identification of the contents of such sealed envelope or container, the words "CONFIDENTIAL MATERIAL," and an explanation that the information contained therein is protected by this Stipulated Protective Order. The parties shall file under seal only that information that has been designated as Confidential Material, where practicable; if doing so is impracticable, the parties shall file the entire document containing Confidential Material under seal. In the event that any party objects in good faith in writing to the filing of any Confidential Material under seal, the parties shall first confer in an attempt to resolve any such objection in good faith. If the objection cannot be resolved within three (3) business days, the party requesting the filing of such Confidential Material under seal shall make a motion within three (3) business days seeking an appropriate order from the Court to maintain the confidential nature of such material; the party making such motion shall bear the burden of proof as to whether the filed material is entitled to be so filed.

All Confidential Material filed under seal as to which an objection is made shall remain under seal until such objection is resolved by the parties or by the Court.

10. Within thirty (30) days of the termination of this action by voluntary dismissal, settlement, or judgment and the expiration of time to take any further appeals therefrom, the parties each shall return or destroy all Confidential Material received from any source, including all copies, prints and other reproductions of such information in the possession of the party or counsel. Each party shall certify, in writing, to the other party that all Confidential Material exchanged during the course of this matter has been or returned or destroyed. Notwithstanding the above, counsel may keep for their records copies of all attorney work product, deposition transcripts, including exhibits thereto, written discovery responses, pleadings, court filings and expert reports, including exhibits thereto, which contain Confidential Material.

11. In the event that any party objects in writing to the designation of specific information or materials as Confidential Material, the parties shall first confer in an attempt to resolve any such objection in good faith. If the objection cannot be resolved within five (5) business days, the party designating the information or materials as Confidential Material shall make a motion seeking an appropriate order from the Court that such material is entitled to be designated as Confidential Material; the party making such motion also shall bear the burden of proof as to whether such material is entitled to be so designated. All material as to which an objection is made shall be treated as Confidential Material by the parties until such objection is resolved either by the parties or by the Court. The designation of information as "Confidential" shall not create any presumption with regard to the actual confidentiality of any document, nor shall it affect the burden of proof necessary for obtaining an appropriate order from the Court.

12.     This Stipulated Protective Order shall be without prejudice to the right of the parties to bring before the Court at any time (subject to the procedural requirement of paragraph 11) the question of whether any particular document or information is confidential or whether its use should be restricted, or other relevant matters as required.

13.     This Stipulated Protective Order shall not be deemed a waiver of any party's right: (a) to object to any discovery request on any ground; (b) to seek an order compelling discovery with respect to any discovery request; and/or (c) to object to the admission of any evidence on any grounds in any proceeding.

14.     If Confidential Material is produced or disclosed without having been so designated, future disclosure may be restricted in accordance with this Stipulated Protective Order by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the document or thing. The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential Material, except as permitted by this Order, and shall take reasonable efforts to retrieve such Confidential Material and copies thereof from persons not permitted access to such Confidential Material under the terms of this Stipulation and Order.

15.     This Court retains jurisdiction even after the termination of this action to enforce this Stipulated Protective Order and to make such amendments, modifications, deletions, and additions to this Stipulated Protective Order as the Court may from time to time deem appropriate. The parties hereto may apply to the Court at any time before or after termination, for an order modifying this Stipulated Protective Order or seeking further protection against discovery or use of Confidential Material

16. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence.

17. If a producing party inadvertently produces material that it considers to be protected by any privilege or immunity, including, without limitation, the attorney-client and work product privileges, the fact of such production shall not constitute or be deemed a waiver of any such privilege or immunity. The party making such inadvertent production shall promptly notify the party receiving such material, and the receiving party shall promptly return such material and all copies thereof, to the producing party and shall not maintain any documents or information which refers to, or makes use of in any way, the inadvertently produced material. In the event a party wishes to challenge an assertion of privilege or immunity with respect to any inadvertently produced material, it shall not assert the production of such material as the basis for a claim of waiver of any such privilege or immunity; provided, however, that the producing party shall bear the burden of proof with regard to the issue of inadvertence.

18. Nothing herein shall prevent disclosure beyond the terms of this Stipulated Protective Order if each party designating the information as "Confidential" or "Highly Confidential-Attorney's Eyes Only" consents in writing to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Highly Confidential-Attorney's Eyes Only" information in the examination or cross-examination of any person (i) who is indicated on the document as being an author, source or recipient of the "Confidential" or "Highly Confidential-Attorney's Eyes Only" information, irrespective of which party produced such information, or (ii) who indicates that he or she previously has seen such information.

19. Nothing shall be regarded as "Confidential" or "Highly Confidential-Attorney's Eyes Only" information if it is information that either

(a) is in the public domain at the time of disclosure, as evidenced by a written document;

(b) becomes part of the public domain through no fault of the other party, as evidenced by a written document;

(c) the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d) the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

20. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

21. All non-parties who produce documents in connection with this lawsuit in response to a third party subpoena or otherwise, shall: (1) be provided a copy of this Order; (2) have the right to classify documents in accordance with this Order; and (3) be provided the written Acknowledgement notice, in accordance with this Order, prior to a party's intent to submit "Confidential" or "Highly Confidential-Attorney's Eyes Only" to any individual or business entity described in Paragraphs 5(d)–(g) above.

22. This Stipulated Protective Order may be executed and signed in counterparts, and may only be modified by the consent, in writing, of the parties hereto.

Dated: August 5, 2009

SILLS CUMMIS & GROSS P.C.

By: _____
Mark J. Rosenberg
Jessica R. Brand

One Rockefeller Plaza
New York, NY 10020
Tel. (212) 643-7000
Fax (212) 643-6500
mrosenberg@sillscummis.com
jbrand@sillscummis.com

Attorneys for Plaintiff

Dated: August ___, 2009

BALLON STOLL BADER & NADLER, P.C.

By: _____
Vano I. Haroutunian
Lindsay Nathan

729 Seventh Avenue
New York, New York 10019
Tel. 212-575-7900
Fax 212-764-5060
vharoutunian@ballonstoll.com
lnathan@ballonstoll.com

Attorneys for Defendants

SO ORDERED:

_____  8-18-09
U.S.M.J.

1641740 v1

10

EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TURN ON PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEGA WEAR, INC., PRETTY GIRL, INC. and JOHN DOES 1-10, <br><br> Defendants. | : <br> : <br> : Civil Action No. 09-CV-5750 <br> : <br> : <br> : <br> : |

I, _____, declare that:

1. My address is _____.
2. My present employer is _____.
3. My present occupation or job description is _____
   _____.
4. I have received a copy of the Protective Order in this action signed by _____
   _____, United States District Court, Southern District of New York.
5. I have carefully read and understand the provisions of the Protective Order.
6. I will comply with all of the provisions of the Protective Order.
7. I will hold in confidence, will not disclose to anyone not qualified under the Protective order, and will use only for purposes of this action any confidential materials which are disclosed to me.
8. I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.
9. I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Protective Order in this action.

Dated: _____      _____
                                                    (Name)

1641740 v1